IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION AT CHATTANOOGA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Docket No.: _____ |
| SEATON ENTERPRISES, LLC, ) ) | |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

State Farm Mutual Automobile Insurance Company ("State Farm") in support of its Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 *et seq.* and F.R.C.P. 57 seeking a declaration that there is no insurance coverage available, and hence no duty to defend and no duty to indemnify the Defendant, Seaton Enterprises, LLC ("Seaton"), under a certain policy of automobile liability insurance issued by State Farm to the Defendant, would show to the Court as follows:

1. State Farm is a mutual automobile insurance company with headquarters and principal place of business in Bloomington, Illinois, but is qualified to, and doing business in the State of Tennessee. The Defendant Seaton is a Tennessee limited liability company with principal offices at 2101 Old Niota Road, Athens, McMinn County, Tennessee 37303-2149, and service of process may be made upon Seaton's Registered Agent for service of process, David Russell Seaton, at this address.

2. The jurisdiction of his Honorable Court is based upon diversity of citizenship, 28 U.S.C. § 1332, there being complete diversity of citizenship between the

Illinois corporate Plaintiff and the Tennessee limited liability company Defendant Seaton, and the amount in controversy exceeding $75,000.00. Further, venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3. State Farm issued a policy of automobile liability insurance to named insured Seaton of Athens, Tennessee, Policy No. 184 1316-C30-42B for a term of one year beginning September 30, 2013 insuring multiple vehicles (see eleven page Vehicle Schedule part of the certified copy of said State Farm policy attached hereto as EXHIBIT 1). The policy in question had an applicable single liability limit of $1,000,000.00. There were various other coverages included within the policy.

4. On or about December 1, 2014, the Defendant Seaton was served with process in a suit filed in the Circuit Court for McMinn County, Tennessee styled *David O'Daniel and wife, Jane O'Daniel v. Gerdau Ameristeel, U.S., Inc. and Seaton Enterprises, LLC*, docket number 2014-CV-371, a copy of said Summons and Complaint being attached hereto as COLLECTIVE EXHIBIT 2. As detailed in Exhibit 2, the Plaintiff David O'Daniel, operating a dump tractor-trailer unit owned by his employer Curtis Equipment picked up a load of scrap steel turnings at the Defendant Seaton's location at 2101 Old Niota Road, Athens, Tennessee with the intent to transport said scrap steel turnings on behalf of Seaton to the Gerdau Ameristeel facility in Knoxville, Tennessee. At paragraph 7 of said Complaint, Exhibit 2, the Plaintiffs allege:

> Seaton negligently compacted the scrap steel turnings into the dump trailer operated by Mr. O'Daniel. It is further averred that Seaton negligently overloaded the dump trailer with scrap steel turnings even after being specifically instructed by Mr. O'Daniel to not do so.

2

5. As can be seen, and consistent with the clear, unambiguous allegations of paragraph 7 of the Complaint filed by Mr. and Mrs. O'Daniel, the only allegations of negligence against Seaton are limited to the negligence of Seaton personnel in the manner in which the Curtis Equipment dump tractor-trailer unit was loaded at the Seaton facility in Athens, Tennessee. Despite the fact that the undisputed allegations of the Complaint in question, Exhibit 2, in no way involve the operation of a Seaton vehicle by a Seaton employee or other authorized driver, Seaton nevertheless tendered defense of said lawsuit to State Farm pursuant to the policy in question, Exhibit 1. State Farm has to date provided defense counsel under a reservation of rights to assert all defenses available to State Farm under the policy in question.

6. State Farm would additionally show to the Court that Seaton has additionally tendered defense of said litigation, Exhibit 2, to Seaton's comprehensive general liability carrier, a separate and different insurance company from State Farm, and that company is also providing a defense, and so far as State Farm is aware, Seaton's comprehensive general liability insurance carrier has not reserved any rights or otherwise indicated there is any question with respect to the applicability of the comprehensive general liability policy to the loss more specifically described in Exhibit 2.

7. As an overview, State Farm would respectfully show to this Honorable Court that its "Car Policy," Exhibit 1, simply does not afford any coverage for the allegations of negligence directed against Seaton in the underlying litigation, Exhibit 2. The basic Insuring Agreement found at page 6 of the State Farm Car Policy Booklet, Tennessee Policy Form 9842A, part of Collective Exhibit 1 hereto, reads as follows:

**Insuring Agreement**

1. *We* will pay:

    a. damages an *insured* becomes legally liable to pay because of:

        (1) *bodily injury* to others; and

        (2) damage to property
        caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy;

    b. attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages; and

    c. court costs charged to an *insured* and resulting from that part of a lawsuit:

        (1) that seeks damages payable under this policy's Liability Coverage; and

        (2) against which *we* defend an *insured* with attorneys chosen by *us.*

As can be seen the critical language insofar as coverage applicable to the loss in question more specifically described in the Complaint, Exhibit 2, is that the bodily injury be "caused by an accident that involves a vehicle for which that **insured** is provided Liability Coverage by this policy." Quite simply, the accident described in Exhibit 2 in no way involves a "vehicle" for which the insured, Seaton, is provided Liability Coverage by the policy in question, Exhibit 1.

8. More specifically, the "Declarations Page" to Exhibit 1 under the "Your Car" section contains the language "See Vehicle Schedule." As noted above, the Vehicle Schedule of Exhibit 1 consists of eleven (11) pages of different types of equipment belonging to Seaton, but significantly – and obviously – does not include the "tractor-trailer/dump truck Freightliner Model CL1200649 T owned by David O'Daniel's

employer, Curtis Equipment (see paragraphs 4 and 5 of Exhibit 2). Consequently, as can be clearly seen, the only "vehicle" involved in the injuries giving rise to the Complaint by Mr. O'Daniel, Exhibit 2, obviously was not a vehicle ". . . for which that **insured** is provided Liability Coverage by this policy." It is abundantly clear from even a cursory review of the O'Daniel Complaint, Exhibit 2, that the only "vehicle" even conceivably involved in the accident giving rise to Mr. O'Daniel's injuries was the "tractor-trailer/dump truck Freightliner Model CL1200649 T" belonging to Curtis Equipment, Mr. O'Daniel's employer, referenced in the O'Daniel Complaint, Exhibit 2.

9. Even if the Curtis Equipment tractor-trailer/dump truck operated by Curtis employee David O'Daniel could somehow be construed to be a "vehicle" for which the Seaton State Farm policy provided liability coverage – which State Farm respectfully submits is impossible – endorsement 6030DA Business Named Insured contains the following exclusion:

> (4) The following exclusion is added:
>
> THERE IS NO COVERAGE FOR AN *INSURED* FOR DAMAGES RESULTING FROM:
>
> 1. THE HANDLING OF PROPERTY BEFORE IT IS MOVED FROM THE PLACE WHERE IT IS ACCEPTED BY THE *INSURED* FOR MOVEMENT INTO OR ONTO A VEHICLE FOR WHICH THE *INSURED* IS PROVIDED LIABILITY COVERAGE BY THIS POLICY;
>
> 2. THE HANDLING OF PROPERTY AFTER IT IS MOVED FROM THE VEHICLE DESCRIBED IN 1. ABOVE TO THE PLACE WHERE IT IS FINALLY DELIVERED BY THE *INSURED*; OR
>
> 3. THE MOVEMENT OF PROPERTY BY MEANS OF A MECHANICAL DEVICE, OTHER THAN A HAND TRUCK, THAT IS NOT ATTACHED TO THE VEHICLE DESCRIBED IN 1. ABOVE.

State Farm maintains that paragraph (4)(1) of the exclusion referenced above has no application due to the fact that by its express terms, it is limited to ". . . A VEHICLE FOR WHICH THE **INSURED** IS PROVIDED LIABILITY COVERAGE BY THIS POLICY" and as noted above State Farm maintains that clearly the Curtis Equipment truck operated by Curtis Equipment employee David O'Daniel is not a vehicle for which liability coverage by this policy." As noted above State Farm maintains that clearly the Curtis Equipment truck operated by Curtis Equipment employee David O'Daniel is not a vehicle for which liability coverage is provided by the Seaton State Farm policy, Exhibit 1, but again assuming for purposes of argument only, that somehow the Curtis Equipment truck operated by Curtis Equipment employee could somehow qualify as an insured vehicle under the State Farm policy, note that there is an express exclusion for precisely this sort of negligence Seaton is alleged by Mr. O'Daniel to have been guilty of: "THE HANDLING OF PROPERTY BEFORE IT IS MOVED FROM THE PLACE WHERE IT IS ACCEPTED BY THE INSURED [THE SEATON PREMISES IN ATHENS, TENNESSEE] FOR MOVEMENT INTO OR ONTO A VEHICLE FOR WHICH THE INSURED IS PROVIDED LIABILITY COVERAGE BY THIS POLICY."

10. Similarly, exclusion 4(2) above specifically describes the activities referenced in the O'Daniel Complaint, Exhibit 2, as causing Mr. O'Daniel's injuries, and as such is clearly excluded even if the Curtis Equipment truck was somehow construed to be an insured vehicle under the Seaton State Farm policy.

11. Note that exclusion 4(3) deals with "THE MOVEMENT OF PROPERTY BY MEANS OF A MECHANICAL DEVICE, OTHER THAN A HAND TRUCK, THAT IS NOT ATTACHED TO THE VEHICLE DESCRIBED IN 1. ABOVE," and the scrap

steel turnings Seaton loaded into the Curtis Equipment truck at the Seaton premises in Athens, Tennessee was accomplished by means of an electromagnetic crane in no way attached to the Curtis Equipment vehicle (or any other vehicle for that matter).

12. Finally, note that even if one assumes for purposes of argument only that: (a) the Curtis Equipment truck operated by Curtis Equipment employee David O'Daniel was somehow an "insured vehicle" under the Seaton State Farm policy, Exhibit 1, and (b) somehow the exclusions described in paragraphs 9 and 10 above are not applicable, all that would be provided in the way of any type of insurance coverage under the Seaton State Farm policy is liability coverage for bodily injury and/or property damage caused by the negligent operation of the dump trailer in question by David O'Daniel. Mr. O'Daniel's Complaint, Exhibit 2, is not only bereft of any allegations of negligence on the part of Mr. O'Daniel, Mr. O'Daniel affirmatively avers that he at all times followed all "safety training and protocols" (see paragraph 18 of Exhibit 2).

WHEREFORE, Premises Considered, State Farm asks:

1. That a copy of this Complaint be served upon the Defendant Seaton requiring them to Answer according to law.

2. That at the final hearing of this cause, this Honorable Court issue a declaratory judgment finding and holding that there is no coverage under the Policy in question to the Defendant Seaton and that therefore there is no duty on the part of State Farm to defend or to indemnify the Defendant Seaton as a result of any judgments obtained by any persons or entities arising out of the events of December 4, 2013 more fully described in the *O'Daniel* Complaint, EXHIBIT 2.

7

Case 1:15-cv-00174-CLC-CHS   Document 1   Filed 07/07/15   Page 7 of 8   PageID #: 7

3. For such other, further, and general relief as the justice of its cause requires.

                STATE FARM MUTUAL AUTOMOBILE
                INSURANCE COMPANY

                BY:   s/James S. MacDonald
                      Attorney

DUNN, MacDONALD & REYNOLDS, P.C.

BY:   s/James S. MacDonald
James S. MacDonald, BPR#002221
Attorneys for State Farm Mutual Automobile
Insurance Company
Dunn, MacDonald & Reynolds, PC
6204 Baum Drive
Knoxville, TN 37919-9512
(865) 525-0505